IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR106 |
| vs. | ORDER |
| THOMAS SPENCER, | |
| Defendant. | |

This matter is before the court on the defendant's request for a copy of the Network Investigative Technique warrant issued in "Operation Torpedo." It appears the referenced warrant was filed (**see** Filing No. 186 - Ex. 1) in connection with a consolidated hearing held on April 17, 2014, and associated with the defendant's motion to suppress (Filing No. 140). The exhibits received during the hearing were restricted in accordance with federal and local rules because of the content. **See** Filing No. 187 - Transcript p. 33. Nevertheless, the government asserts the document is part of the public record in a related case (8:13CR108 - Filing No. 122-1). **See** Filing No. 493. Moreover, the government does not oppose the defendant's receipt of the document as a copy of the document had been provided to the defendant, or his counsel, during the criminal proceedings. *Id.*

There is no restriction against the defendant purchasing a copy of the warrant. The defendant's motion does not state whether he seeks to purchase the copy or receive it at the government's expense. On May 12, 2015, the court entered judgment on the defendant's guilty plea. **See** Filing No. 406. Other than this motion for copies, the defendant has no motions or open cases pending before this court, and the defendant makes no showing as to why he needs the document. While he states the document would "assist in an appeal," without a pending appeal or some showing of need for the document, the court is not inclined to order copies of documents made at government expense.

The defendant does not have the right to receive copies of documents at government expense, even if he has leave to proceed in forma pauperis. **See** 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980).

An indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may obtain a transcript without expense, if the court determines the motion is not frivolous and the transcript is necessary to decide the issue presented by the motion. **See** 28 U.S.C. § 753(f); s**ee also** *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (stating any request for a free transcript prior to the filing of a 28 U.S.C. § 2255 motion is premature)*.* Nevertheless, the defendant may pay for the copies he requested at the established rate of 50¢ per page. The defendant asks for a copy of a particular warrant, which is thirty pages. **See** Filing No. 122-1 in case 8:13CR108. Under these circumstances,

**IT IS ORDERED**:

The defendant's request for a copy of a warrant (Filing No. 491) is denied, without prejudice.

Dated this 18th day of July, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge